HENRY LEDERER, PLAINTIFF, v. PUBLIC SERVICE CO-
ORDINATED TRANSPORT, DEFENDANT.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff, *Feder & Rinzler*.

For the defendant, *William F. Vosseller*.

PER CURIAM.

This is an accident case in which plaintiff has a verdict of $1,000. The sole reason urged is that the verdict is against the weight of evidence. We think that it is. Plaintiff's claim was that he was a passenger and boarded a trolley car operated by the defendant when the same had stopped to let him on, and that while he was in the act of boarding, the car started with a sudden, unusual and violent jerk which thew him to the floor, inflicting personal injuries. The evidence shows that his ankle was broken; that he was in the hospital for several days; that his leg was in a plaster cast for about seven weeks; that he was confined to the house for about. five months after the accident and then walked on crutches, afterwards with a cane, and that it was over a year before he could dispense with the cane. The plaintiff claimed that in addition to the pain and suffering, &c., he lost his weekly commissions as an insurance man, averaging $30 to $35 a week for a period of six months.

The evidence on the part of the defendant tended to show there was no jolt of the car but that the car had not yet come to a stop when plaintiff attempted to jump on and get ahead of two women who were waiting to board it, and that he turned his ankle in so doing. Several witnesses, including the conductor and the two women in question, testified substantially to these facts, and the plaintiff's own story was seriously impeached by apparently credible testimony of physicians and others that he had stated the injury was due to his slipping on the platform on a banana peel or something of that kind.

We think the verdict of the jury has the usual earmarks of a compromise verdict because it would seem that if the

company was liable, the verdict should have been considerably more than was returned by the jury. Our conclusion is that the verdict was clearly against the weight of the evidence and should be set aside.

The rule will accordingly be made absolute.